Dennis Charles McKENNA, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0138–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 31, 1984.

Fred Heacock, Houston, for appellant.

Earl Kent Ellis, Houston, for appellee.

Before BASS, WARREN and COHEN, JJ.

## OPINION

BASS, Justice.

Appellant was convicted by a jury of driving while intoxicated, and the court assessed punishment at 30 days confinement and a $400 fine, probated for two years. In a single ground of error, appellant challenges the trial court's admission of a urine sample into evidence.

Appellant argues that because the urine sample was not voluntarily given, it was not admissible. The police took appellant to the station and handcuffed him to a chair for an hour and a half until he asked to be taken to the bathroom. They removed his handcuffs at the urinal, and then they reached around him and caught the urine in a cup as it fell. The trial court noted that appellant was "tricked" into giving the urine sample, and specifically found that the sample was not voluntarily given. However, the court admitted the evidence over appellant's objections.

■ No constitutional rights are infringed by the involuntary taking of body fluid. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966); *see also Davis v. District of Columbia*, 247 A.2d 417 (D.C.1968). The Texas Constitution, article I, section 10, gives no greater right against self-incrimination than does the federal constitution. *Olson v. State*, 484 S.W.2d 756, 762 (Tex.Cr.App.1972) (op. on reh'g). Compelling a blood test is not prohibited by our state constitution. *Id.* at 771–72. However, the lack of a constitutional issue does not remove the need for compliance with statutory requirements for blood and urine tests. *Id.* at 772.

The literal language of the statute in effect at the time of appellant's arrest, Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, sec. 2 (Vernon 1977)[1], required consent only for a breath test:

If a person under arrest refuses, upon the request of a law enforcement officer, to submit to a chemical breath test designated by the law enforcement officer as provided in Section 1, none shall be given
. . . .

■ However, in *Aliff v. State*, 627 S.W.2d 166, 168 (Tex.Cr.App.1982), the Court of Criminal Appeals applied article 6701*l*–5 to urine and blood samples, holding that the statute enlarged upon constitutional requirements and "requires that consent be obtained from those individuals under arrest" before a blood or urine sample may be taken. Appellant in the case at bar was under arrest and did not give his consent to the urine test that was performed. *Compare Darland v. State*, 582 S.W.2d 452 (Tex.Cr.App.1979). Consequently, the police violated his statutory rights by taking a urine sample without his consent.

Appellant's ground of error is sustained, the judgment of the trial court is reversed, and the case is remanded for a new trial. Publish. Tex.R.Crim.App.P. 207.

---

1. This statute was amended by the 68th Texas Legislature, effective January 1, 1984. The new law apparently does not change the result in cases where an accused refuses to submit a urine sample upon an officer's request.