TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00438-CR






Jessie James Alvarez, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-94-0151, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







 This is an appeal from an order revoking probation (1) and sentencing appellant, Jessie James
Alvarez, to ten years' imprisonment for sexual assault of a child. On April 7, 1994, appellant was indicted
under former section 22.011(a)(2) of the Texas Penal Code. (2) The offense was alleged to have occurred
on or about March 15, 1993. On October 27, 1994, in a bench trial, appellant entered a plea of guilty to
the second degree felony charged. On November 22, 1994, the trial court, in accordance with a plea
bargain, placed appellant on deferred adjudication probation for ten years subject to certain probationary
conditions. No appeal was taken. See Dillehey v. State, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991).

 An amended motion to proceed to adjudication of guilt was filed on March 1, 1996. On
March 28, 1996, appellant pleaded "true" to the motion's allegations. The trial court proceeded to
adjudication of guilt and then entered a judgment placing appellant on regular probation (community
supervision) for a period of ten years subject to certain conditions.

 On April 12, 1996, the State filed a motion to revoke probation, but appellant was
continued on probation after a modification of the conditions of probation. On March 6, 1997, the State
filed another motion to revoke probation. After a hearing on the motion, the trial court, on June 9, 1997,
entered an order revoking probation and imposing sentence. Notice of appeal was given.


Points of Error



 Appellant advances eight points of error. First, appellant contends that the trial court
"abused its discretion" in revoking probation because it had lost jurisdiction of the case. Points two and
eight deal with the community service probationary condition. Appellant claims the trial court erred
because the condition is vague and uncertain, and that because he was unable to perform the required
community service hours and pay the fees, he is being imprisoned as a debtor in violation of the equal
protection clause of the Fourteenth Amendment to the United States Constitution. In points of error three,
four, and five, appellant claims the trial court erred in revoking probation without finding that the sex
offender treatment program fees ordered were either reasonable or necessary and that he was able to pay
the same as required by article 42.12, section 14(b) of the Texas Code of Criminal Procedure, (3) because
he had met all the activities pertaining to the sex offender condition of probation. In points of error six and
seven, appellant argues that his forced participation in the sex offender treatment program violated his rights
against self-incrimination in violation of the Fifth Amendment to the United States Constitution and of article
I, section 10 of the Texas Constitution.


Confession of Error



 Interestingly, with regard to the first point of error, the State confesses error, but we find
none. For the first time on appeal from an order revoking probation, appellant contends that the trial court
lost jurisdiction of his case due to the enactment of a new law. Appellant argues that during the pendency
of his indictment, the 1993 amendment to section 22.011 (4) became effective (September 1, 1994),
providing an affirmative defense of proximity of age between actor and victim (three years) in prosecutions
under subsection (a)(2) of section 22.011 of the Penal Code; (5) and that, although not asserted or raised by
the evidence, the trial court should have sua sponte dismissed the prosecution.

 Appellant was indicted under section 22.011(a)(2) in effect at the time of the commission
of the offense (March 15, 1993). Subsection (e) of former section 22.011 provided: "It is an affirmative
defense to prosecution under subsection (a)(2) of this section that the actor was not more than two years
older than the victim." When appellant entered his guilty plea and was placed on deferred adjudication,
he offered no proof or raised any issue of the affirmative defense provided by section 22.011 under which
he was being prosecuted or under the 1993 amendment to section 22.011(e).

 Even at this late date, appellant has not cited any authority that the 1993 amended version
of section 22.011(e) as to an affirmative defense was applicable to his case. Section 1.18(b) of article one
of the bill enacting the 1993 amendment to section 22.011 provides: "An offense committed before the
effective date of this article is covered by the law in effect when the offense was committed, and the former
law is continued in effect for that purpose." Act of May 29, 1993, 73d Leg., R.S., ch. 900, art. 1, §
1.18(b), 1993 Tex. Gen. Laws 3526, 3705. Even if the 1993 version of the affirmative defense were
applicable to appellant's case, there is no proof in the record of the ages of appellant and the victim as to
justify the use of the defense. (6)

 The rules relevant to the use of affirmative defenses are set forth in section 2.04 of the
Texas Penal Code. An affirmative defense is one so labeled in the code. The prosecutor is not required
to negate the existence of an affirmative defense, the defendant must prove the affirmative defense by a
preponderance of evidence, and the defense is not raised "unless evidence is admitted supporting the
defense." Tex. Penal Code Ann. § 2.04(a), (b), (c), (d) (West 1994); see also Shelvin v. State, 884
S.W.2d 874, 878 (Tex. App.--Austin 1994, pet. ref'd).

 Appellant's reliance upon Ex parte Davila, 530 S.W.2d 543 (Tex. Crim. App. 1975),
is misplaced. On February 27, 1974, the defendant in Davila was indicted for statutory rape under article
1183 of the 1925 Penal Code. The indictment alleged the offense occurred on December 8, 1973, and
that the victim was under eighteen years of age and not the spouse of the defendant. On April 21, 1974,
the defendant entered a guilty plea and was sentenced to five years' imprisonment. No appeal was taken.

 The 1974 Penal Code became effective January 1, 1974, which was prior to the
defendant's indictment and trial in Davila. Section 21.09(a) of the original 1974 Code lowered the age
of consent from 18 years to 17 years, so that consensual intercourse with a female who had attained the
age of 17 years was not conduct proscribed by the new code. Moreover, section 6(b) of the Savings
Provisions of the 1974 Code provided that on the effective date of the code any pending criminal action
for an offense under laws repealed by the code and that did not constitute an offense under the new code
was to be dismissed. See Davila, 530 S.W.2d at 544-45.

 The defendant in Davila brought a post-conviction writ of habeas corpus. The trial court
found as a fact that on the date of the offense the victim was 17 years, three months and nineteen days old. 
The Court of Criminal Appeals granted relief holding that the trial court should have dismissed the
indictment for lack of jurisdiction when it became evident that the conduct alleged was no longer an offense. 
Id. at 546; see also Dockery v. State, 542 S.W.2d 644, 648 (Tex. Crim. App. 1976) (op. on reh'g).

 Davila involved conduct no longer an offense by virtue of a new law with specific statutory
instruction to dismiss any pending criminal action. It did not involve an unasserted or unsupported
affirmative defense as in the instant case. Davila is inapplicable.

 The State, in its confession of error, believes Davila is applicable, but notes that the instant
case is "factually" and "legally" distinguishable from Davila. The prosecutor agrees that appellant did not
sustain his burden of proof of an affirmative defense at the time of the trial and thus waived the defense, but
believes its duty is "not to convict, but to see that justice is done. . . ." See Tex. Code Crim. Proc. Ann.
art. 2.01 (West Supp. 1998). The prosecutor declines to urge the "waiver" argument but contends that
appellant is entitled to consideration of "equitable" relief and that appellant's conviction should be reversed
and that appellant be discharged from probation. The State recognizes that the record is deficient as to the
ages of appellant and the victim so as to bring into play the affirmative defense and it attempts to supplement
the record. Attached to the State's appellate brief is an unsworn police offense report reflecting the ages
of appellant and the victim which the prosecutor claims demonstrates that appellant is "approximately" two
years and six weeks older than the victim. What the State overlooks is that assertions in an appellate brief
or attachments thereto that are not supported by the record will not be accepted as fact. See Vanderbilt
v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981); Miranda v. State, 813 S.W.2d 724, 738 (Tex.
App.--San Antonio 1991, pet. ref'd). There is no error. The trial court did not lose jurisdiction as
claimed. Appellant's first point of error is without merit. Cf. Jones v. State, 589 S.W.2d 419, 421 (Tex.
Crim. App. 1979) (no abuse of discretion to revoke probation where there was failure to establish
affirmative defense).

Other Points of Error -- Probation


 All the other points of error are concerned with the issue of whether the trial court abused
its discretion in revoking probation. In revocation proceedings, the trial court is the sole trier of facts, the
judge of the credibility of the witnesses, and the weight to be given the testimony. Taylor v. State, 604
S.W.2d 175, 179 (Tex. Crim. App. 1980). It is the trial court's duty to determine whether the allegations
in the revocation motion are true. Langford v. State, 578 S.W.2d 737, 739 (Tex. Crim. App. 1979). 
The State's burden of proof in a revocation proceeding is by a preponderance of evidence. Cobb v. State,
851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Probation may be revoked upon a finding that a
defendant has violated the terms and conditions of community supervision. Lee v. State, 952 S.W.2d 894,
897 (Tex. App.--Dallas 1997, no pet.). An appellate court is limited to reviewing whether the trial court
abused its discretion in revoking community supervision. Id. The reviewing court must view the evidence
presented at the revocation hearing in the light most favorable to the trial court's ruling. Garrett v. State,
619 S.W.2d 172, 174 (Tex Crim. App. 1981). Proof of any one alleged violation is sufficient to support
an order revoking probation. O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Lee, 952 S.W.2d at 900.

 With this background, we turn to appellant's contention that the trial court, in several
different ways, abused its discretion in revoking probation. One of the bases for revocation was the State's
allegation and the trial court's finding that appellant violated the following condition of probation:


Fine $750.00; Restitution $-0-; or compensation paid to appointed counsel, $354.00 in
the total amount of $1,104.00 are payable in consecutive monthly installments of $15.00
paid to the Hays County CSC Department on or before the 10th day of each month until
the total amount has been paid. The first payment of $15.00 is due on or before the 10th
day of August 1996;



 The State alleged that appellant had not complied with this condition from August 10, 1996
through January 10, 1997, each month being a separate violation. We do not find a point of error
specifically claiming that the trial court abused its discretion in revoking probation by finding a violation of
the foregoing condition. Likewise, we fail to find any point of error expressly asserting that the trial court
erred in revoking probation on the basis that appellant violated the condition of probation that he pay a
$40.00 supervisory fee each month and that he made no payments from April 10, 1996 through January
10, 1997. These violations appear supported by the testimony of Joe Ranson, a community supervision
officer. Thus, there would appear to be several established violations of probation when one alone is
sufficient to support the order revoking probation without further inquiry. See Sanchez, 603 S.W.2d at
871. We shall, however, examine appellant's other contentions before reaching a conclusion.


Point of Error Two--Inability to Pay?



 In point of error two, appellant claims error in revocation of probation because he "was
unable to pay the required fees and perform the required community service hours, thus imprisoning him
as a debtor in violation of the equal protection clause of the 14th Amendement to the United States
Constitution." Appellant cites Bearden v. United, 461 S.W.2d 660, 668-69 1983) (due process
precludes State from automatically revoking probation and imposing prison term when probationer is
unable to pay fine). Appellant urges that inability to pay fees is an affirmative defense to revocation.

 The community service condition of probation imposed (7) requires no costs or fees, to be
paid. Thus, the point of error is multifarious on its face and furnishes a basis for refusing to review the
contention. In part of his argument under point of error two, appellant urges that he raised the defense of
inability to pay and that the State failed to prove his failure was intentional. He apparently challenges any
finding under any condition of probation allegedly violated that he pay costs, fees, etc. Appellant makes
no reference, however, to any particular condition of probation in this argument. Nevertheless, we shall
consider this general challenge.

 Inability to pay costs, fees, etc., is an affirmative defense to revocation based on failure to
pay. A defendant must raise such defense and prove it by a preponderance of the evidence. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp. 1998); Hill v. State, 719 S.W.2d 199, 201 (Tex.
Crim. App. 1986); Lee, 952 S.W.2d at 901. The State then has the burden of proving an alleged failure
to pay fees, costs, and the like was intentional. Stanfield v. State, 718 S.W.2d 734, 738 (Tex. Crim.
App. 1986). However, the State has this burden even if the probationer fails to raise the issue of inability
to pay as an affirmative defense. Ortega v. State, 860 S.W.2d 561, 567 (Tex. App.--Austin 1993, no
pet.). Facts and circumstances attending a given act or omission may reveal intent. Stanfield, 718 S.W.2d
at 738. One who has the ability to pay that which he is required to pay but does not, without more, leaves
a factfinder with a strong inference that his failure to pay is intentional. Hill, 719 S.W.2d at 201. When
the trial court finds that a defendant had the ability to pay and his failure was intentional, the reviewing court
must view the evidence in the light most favorable to the ruling. Jones v. State, 589 S.W.2d 419, 421
(Tex. Crim. App. 1979).

 It is undisputed that from October 1996 through January 1997 appellant was earning
approximately $1,000 or more a month and had the ability to pay the required costs and fees. Officer
Ranson testified that appellant had not made any payments at all on his supervisory fee, fine, or
reimbursement for compensation of court-appointed counsel as required by the probationary conditions. 
Ranson stated that appellant was employed during this period, (8) and that he had discussed a budget with
appellant and discovered that appellant had $400 each month that could be applied to appellant's
obligations under the probationary conditions. 

 Appellant testified that he had been employed by Girling Health Care as an aide, but he
switched to a better paying job in construction in October 1996. Later, he began working on weekends
in another construction job which increased his income. Appellant claimed that he made some unidentified
"probation payments," but he made no claim that he made any payments toward the supervisory fee or the
fine or the costs involving court-appointed counsel. Appellant claimed an inability to pay because, in
addition to the $160 child support payment each month as required by a probationary condition, he was
giving $240 a month to his grandmother, and since his parents separated, he was giving $300 to $400 a
month to his mother to pay her bills. This left little money for his food and gas for his car. His expenses
were not otherwise detailed. Appellant acknowledged that he discussed a budget with Officer Ranson,
told the officer he was making about $250 a week, and discussed the financial aid to his grandmother. He
was embarrassed about the separation of his parents and made no mention of financial aid to his mother. 
There is nothing to show that appellant requested modification of his probationary conditions. Other than
his child support payments, appellant made few if any payments.

 On the basis of his own chosen priorities, a defendant is not legally relieved of complying
with court-imposed probationary conditions where he can pay fees and does not, regardless of how
understandable his actions may seem. If this were not so, a probationer could give the bulk of his income
to his church or to a needy and worthwhile charity and claim exemption from his probationary conditions.

 Frequently, it is a question of detail and credibility of the testimony that determines whether
the affirmative defense of inability to pay has been proven. Friedl v. State, 773 S.W.2d 72, 73 (Tex.
App.--Houston [1st Dist.] 1989, no pet.). Just testifying as to an inability to pay does not discharge a
defendant's burden because the trial court may disbelieve the defendant's testimony. Jones, 589 S.W.2d
at 421. In Jones, there was a failure to establish the defense of inability to pay where there was ample
evidence from appellant's own testimony that he had the financial resources to pay, or make some partial
payment, or, at least, a good faith gesture toward paying the $50 per month fee. Id. at 421; see also
Champion v. State, 590 S.W.2d 495, 498 (Tex. Crim. App. 1979); Brewer v. State, 572 S.W.2d 719,
722 (Tex. Crim. App. 1975). Appellant raised the issue of inability to pay but he failed to show by a
preponderance of the evidence that he was unable to make the required payments. See Watts v. State,
645 S.W.2d 461, 462-63 (Tex. Crim. App. 1983).

 As noted earlier, one who has the ability to pay and does not may leave the factfinder with
a strong inference that his failure to pay is intentional. Hill, 719 S.W.2d at 201; see also Bearden, 461
S.W.2d U.S. at 668. Proof of a culpable state of mind relies upon circumstantial evidence. Dillon v.
State, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978); Fuller v. State, 819 S.W.2d 254, 257 (Tex.
App.--Austin 1991, pet. ref'd). Intent may be inferred from the acts, words, and conduct of the accused. 
Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). Knowledge also may be inferred from
the conduct and remarks by the accused and from all the circumstances surrounding the acts engaged in
by the accused. Dillon, 574 S.W.2d at 94-95.

 Dana Ferris, the psychologist in charge of the sex offenders program, testified that appellant
told her that he had no job. Appellant testified he was working full time at two different construction jobs. 
Appellant acknowledged that the trial judge had explained the "rules" to him and he was before the court
a second time on a motion to revoke. He also testified that when the probation officer discussed finances
with him, he understood that the officer was telling him that he was violating the trial court's orders by not
paying his costs and fees. All of his acts, words, and conduct could be examined by the trial court in
determining whether the State sustained its burden of proof that the failure to pay was intentional. We
overrule that part of point of error two raising inability to pay the supervisory fee, the fine, and costs of
court-appointed counsel. This is done with one caveat. The trial court also revoked probation on the basis
of failure to pay costs of $159.50 on March 28, 1996, the day probation was granted, and also on the
basis of appellant's failure to pay $5.00 a month as a sexual assault fee from April 10, 1996, through
January 10, 1996, each month being a separate violation. Appellant has not raised or discussed these
findings unless they are generally included in the multifarious point of error two. We observe, however, that
the State failed to sustain its burden of proof as to these allegations in the State's revocation motion. It
offered no evidence regarding these matters. Where no evidence is offered to support an allegation of a
violation of probation, the trial court errs in including it as a basis for revocation in the court's order. See
Martinez v. State, 635 S.W.2d 762, 766 (Tex. App.--Corpus Christi 1982, no pet.). Thus, in the instant
case, the revocation cannot rest upon the failure to pay court costs of $159.50 or the sexual assault monthly
fee of $5.00, independent of any claim of inability to pay.


The Sex Offenders Program



 In five points of error, appellant challenges the trial court's revocation order insofar as the
order is based on the violation of the probationary condition concerning the sex offenders program. In
point of error five, appellant urges that the trial court "abused its discretion in finding that appellant violated
the terms of his probation because he met all of the required activities." This appears on its face to be a
broad-based issue or a point of error. See Tex. R. App. P. 38.1(e). However, appellant limits his
argument to the finding that he violated the condition concerning the sex offenders treatment program.


 The condition of community supervision involved provided:



Submit to and actively participate in specialized sex offender evaluation and counseling as
directed by your supervision Community Supervision Officer under the supervision of an
approved Sex Offender Treatment Provider, pay all costs, attend all therapy sessions,
participate in psychological and/or psychiatric testing/evaluation, as well as individual,
marital, family and/or group counseling as directed, complete all homework assignments,
and insure that written verification of attendance and progress are provided monthly to
your Community Supervision Officer.



 In alleging a violation of this condition, the State's revocation motion stated that appellant
had failed to pay for the group sessions of the program on December 10 and 17, 1996, and on January
7, 14, and 21, 1997. The motion alleged that appellant was late for the session on December 17, 1996,
and did not on that date have his assignments prepared. Appellant was terminated from the program on
February 4, 1997. The trial court found the evidence supported the State's allegations and made it one
of the bases for revocations.

 Dr. Dana Ferris, a psychologist, testified that appellant participated in the group for sex
offenders "that I do for the county." She related appellant began the program in March 1995 (while he was
on deferred adjudication) but after several months he was terminated because he was "noncompliant with
many of the group rules." Appellant re-entered the program in December 1996 and for a brief period
"appeared to be doing well" by completing his first group assignment focusing on his offense. Thereafter,
however, he did not complete his assignments, he did not pay the costs for the group sessions on the dates
alleged, told her on one occasion that he left his wallet in his mother's car, and on another occasion
informed her that he did not have a job. Dr. Ferris related that appellant missed one session and was late
on another and his participation in the program was terminated on February 4, 1997, because he was not
successfully engaged in treatment. His attitude was that he had not committed a crime because no one was
harmed.

 In his testimony, appellant admitted that he did not complete his homework or assignments
including the one on December 17, 1996, as alleged. He was late on that date because of a traffic-delaying
accident. Although he had a job, appellant did not pay the costs as he was using his money as explained
elsewhere.

 We conclude the trial court, as the trier of facts, did not abuse its discretion in finding
appellant had violated the sex offender treatment program condition despite appellant's claim he had "met
all of the required activities." Point of error five is overruled.

 In points of error three and four, appellant claims that the trial court abused its discretion
in revoking probation on the basis that appellant failed to pay his sex offender treatment "fees" because the
trial court had not found that he was able to make those payments as expressly required by article 42.12,
section 14(b), and the State failed to prove that these "fees" were either reasonable or necessary as also
required by the statute. Tex. Code Crim. Proc. Ann. art. 42.12, § 14(b) (West Supp. 1998).

 Appellant's reliance on article 42.12 section 14(a) is misplaced. A careful reading of
section 14(a) reflects that the trial court as a condition of probation "may require the probationer to pay
all or a part of the reasonable or necessary costs incurred by the victim for psychological counseling made
necessary by the offense, upon a finding that the probationer is financially able to make payment." Thus,
the language upon which appellant relies pertains only to the victim of an offense under section 22.011 of
the Penal Code. Points three and four are overruled.

 In points of error six and seven, appellant urges that his forced participation in the sex
offenders treatment program was unconstitutional because it violated his privilege against self-incrimination
as guaranteed by the Fifth Amendment to the United States Constitution and article I, section 10 of the
Texas Constitution. Appellant simply does not explain how the requirement of participation in a sex
offender treatment program in and of itself violated his privilege against self-incrimination in violation of the
federal and state constitutions. Appellant appears to contend that during his participation in the sex offender
treatment program, he was called upon "to identify incriminating thoughts" and write about the offense to
which he had pleaded guilty and had stipulated evidence in support of the judgment. In his brief, he makes
no reference to the record to support his claim that his rights were violated under the circumstances
presented.

 A person claiming the protection of the Fifth Amendment's privilege against self-incrimination must affirmatively invoke it. United States v. Monia, 317 U.S. 424, 427 (1943). The
privilege under the Fifth Amendment is personal and normally must be invoked by the person claiming it. 
Carrillo v. State, 566 S.W.2d 902, 913 (Tex. Crim. App. 1978). Each assertion of the privilege must
be raised. Blanket assertions of the privilege are not permitted. Gebhardt v. Gallardo, 891 S.W.2d 327,
330 (Tex. App.--San Antonio 1995, no writ). An individual may lose the benefit of the privilege without
making a knowing and intelligent waiver. Minnesota v. Murphy, 465 U.S. 420, 428 (1984) (citing
Garner v. United States, 424 U.S. 648, 654 n.9 (1976)). In the instant case, we do not find that
appellant asserted his privilege against self-incrimination or that he was compelled to incriminate himself. 
Appellant gives us no record reference to the contrary. We find no violation of the Fifth Amendment or
of article I, section 10 of the Texas Constitution. The state constitution gives no greater rights against self-incrimination than does the federal constitution. McKenna v. State, 671 S.W.2d 138, 139 (Tex.
App.--Houston [1st Dist.] 1984, pet. ref'd) (citing Olson v. State, 484 S.W.2d 756, 762 (Tex. Crim.
App. 1972) (op. on reh'g)).

 Appellant recognizes that he did not assert his privilege against self-incrimination, but claims
that in his case the privilege was self-executing because of his required participation in the sex offender
treatment program. We do not find that appellant falls within the three self-executing exemptions. 
Appellant was not a gambler who invoked the privilege by refusing to file a federal income tax return, he
was not in custody at the time, nor was he threatened to be penalized should he invoke the privilege. See
State v. Fuller, 915 P.2d 809, 812-13 (Mont. 1996); see also Murphy, 465 U.S. at 433-35. While
appellant relies upon Fuller and Murphy, these cases are distinguishable on both the facts and the law. 
Moreover, appellant never objected to the revocation upon the basis now urged for the first time on appeal. 
Tex. R. App. P. 33.01(a)(1); cf. Rogers v. State, 640 S.W.2d 248, 264 (Tex. Crim. App. 1981). Almost
every right, constitutional or statutory, may be waived by the failure to object. Borgen v. State, 672
S.W.2d 456, 460 (Tex. Crim. App. 1984); see also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim.
App. 1990). Points of error six and seven are overruled.


Community Service


 In the other part of point of error two, appellant contends that the trial court abused its
discretion in revoking appellant's community supervision by requiring him to perform the community service
hours by imprisoning him as a debtor "in violation of the Equal Protection Clause of the 14th Amendment
to the United States Constitution." In point of error eight, appellant complains that his "probation" should
not have been revoked on the basis of his community service obligation because this condition of probation
was vague and uncertain in that it failed to specify when or how he was to complete his community service
hours.

 The probationary condition imposed on March 28, 1996, read: "perform 300 hours of
Community Service Restitution work by _____________, 19___ at ______ hours per month with a court
pre-approved CSR agency(s) and project(s) as directed by the Community Supervision and Correction
Department of Hays County, Texas." See Tex. Code Crim. Proc. Ann. art 42.12, § 16 (West Supp.
1998).

 In its revocation motion the State alleged that appellant "failed to perform community
service restitution hours assessed by the court and that appellant's case was closed out on February 24,
1997 for Failure to Report to Community Service as directed." In the "Order Revoking Probation," the
trial court found the foregoing allegation supported by the evidence and made it one of the bases for
revocation.

 The condition imposed did not require the 300 hours of community services to be 
completed by any certain date nor did it establish the number of hours to be completed each month. 
Moreover, when appellant was placed on regular probation on March 28, 1996, he was required to be
confined in jail for 180 days "(120 days flat time and 60 days work release)." George Contreras, the
Community Service Restitution Probation Officer, testified that he was informed appellant was in jail, and
appellant was not referred to him until October 1996. In that month, appellant completed some hours of
community service but quit reporting. A letter to appellant about the failure to report for community
services was mailed on December 2, 1996, but brought no response. The officer later terminated the
"case" as to community service for failure to report and perform community service. Officer Contreras
acknowledged that he had been informed by another probation officer that appellant had changed jobs. 
Appellant testified that he obtained an additional job on the weekends and could not keep his schedule with
community service and had informed Officer Contreras of that fact in November 1996. Appellant did not
recall ever receiving any notice from Contreras that he was in violation of his probationary condition.

 The condition of probation was vague and uncertain and did not give appellant any notice
of when the 300 hours of community service had to be completed or the numbers of hours required each
month. It was unenforceable. Rains v. State, 678 S.W.2d 308, 310 (Tex. App.--Fort Worth 1984, pet.
ref'd). Due process requires specificity and that adequate notice of the terms be contained in the court's
written order of probation. See Harris v. State, 608 S.W.2d 229, 230 (Tex. Crim. App. 1980). 
Moreover, the State's proof failed to show a violation of the condition as imposed on March 28, 1996. 
The trial court abused its discretion in revoking probation on this basis. See Cardona v. State, 665
S.W.2d 492, 494 (Tex. Crim. App. 1984). We sustain point of error eight and for that reason we need
not reach the other part of point of error two.


Conclusion


 It is not the prerogative of the reviewing court to substitute its judgment for that of the trial
court. See Semier v. State, 674 S.W.2d 911, 913 (Tex. App.--Houston [1st Dist.] 1984, pet. ref'd). 
Further, proof of any one alleged violation is sufficient to support an order revoking probation. In light of
the proof offered as to several violations of probation, there are bases for the revocation. The trial court
did not abuse its discretion.

 The order revoking probation is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Yeakel, Justices Kidd and Onion*

Affirmed

Filed: July 30, 1998

Do Not Publish


















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1. The statutory term "community supervision," Tex. Code Crim. Proc. Ann. art. 42.12 (West Supp.
1998), and "probation" are used interchangeably. See Rodriguez v. State, 939 S.W.2d 211, 220 n.12
(Tex. App.--Austin 1997, no pet.). The constitutional basis for "community supervision" is article IV,
section 11A of the Texas Constitution, which uses only the term "probation."
2. See Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312-14 as
amended Act of May 17, 1985, 69th Leg., R.S., ch. 557, § 1, 1985 Tex. Gen. Laws 2159 as amended
Act of May 29, 1987, 70th Leg., R.S., ch. 1029, § 1, 1987 Tex. Gen. Laws 3474 as amended Act of
May 27, 1991, 72d Leg., R.S., ch. 662, § 1, 1991 Tex. Gen. Laws 2412 since amended, codified as Tex.
Penal Code Ann. § 22.011 (West 1994 & Supp. 1998).
3. Tex. Code Crim. Proc. Ann. art. 42.12, § 14(b) (West Supp. 1998).
4. Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3618.
5. Tex. Penal Code Ann. § 22.011(e) (West 1994) provides:


(e) It is an affirmative defense to prosecution under subsection (a)(2) that the actor was not
more than three years older than the victim, and the victim was a child of 14 years of age
or older.
6. Appellant only calls attention to a pretrial hearing colloquy between an early defense counsel and the
trial court where counsel states his belief as to the ages contrary to later assertions by appellant and the
State.
7. This condition is also the subject matter of point of error eight which is discussed later in this opinion
rendering it unnecessary to reach the contention advanced in point of error two as to community service
hours.
8. There is evidence in the record that appellant "got out" of jail in August 1996. One condition of
probation required 180 days in jail "with 120 days flat and 60 days work release." In his interrogation,
appellant's counsel made reference to appellant's release from "rehab" in August 1996. It is not clear
whether appellant was in jail or "rehab" or both until August 1996.



revoking probation on this basis. See Cardona v. State, 665
S.W.2d 492, 494 (Tex. Crim. App. 1984). We sustain point of error eight and for that reason we need
not reach the other part of point of error two.


Conclusion


 It is not the prerogative of the reviewing court to substitute its judgment for that of the trial
court. See Semier v. State, 674 S.W.2d 911, 913 (Tex. App.--Houston [1st Dist.] 1984, pet. ref'd). 
Further, proof of any one alleged violation is sufficient to support an order revoking probation. In light of
the proof offered as to several violations of probation, there are bases for the revocation. The trial court
did not abuse its discretion.

 The order revoking probation is affirmed.