Criminal Case Template




COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



STACY KELLEY DYE,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.

§


§


§


§


§

No. 08-02-00018-CR


Appeal from the


385th District Court


of Midland County, Texas


(TC# CR27075)


MEMORANDUM OPINION



 Stacy Kelley Dye appeals the trial court's denial of her motion to suppress blood
test evidence. We affirm.

Factual and Procedural Background

 Dye was involved in a minor car accident on private property. She was pulled over
by a police officer after she left the scene of the accident. As the officer made contact
with Dye, he could smell alcohol on her. After conducting some field sobriety tests, the
officer arrested Dye for driving while intoxicated. Dye refused to consent to a blood test,
so the officer obtained a search warrant to conduct the test. The blood test revealed that
Dye had a 0.18 blood-alcohol level.

 Dye moved to suppress the results of the blood test. The trial court denied the
motion. Thereafter, Dye entered a negotiated plea of guilty and was convicted of felony
driving while intoxicated. Pursuant to the plea agreement, punishment was assessed at
ten years' imprisonment and a $1,500 fine. The sentence of imprisonment was
suspended, and Dye was placed on community supervision for five years, confined for ten
days as a condition of community supervision, and ordered to surrender her driver's
license for one year. 

Discussion

 In her sole issue on appeal, Dye argues that the blood test results should have been
suppressed because the blood test was conducted in violation of sections 724.012 and
724.013 of the Texas Transportation Code. Section 724.012(b) sets out the conditions
that must be met before a person who has been arrested for driving while intoxicated can
be compelled to undergo a blood test. See Tex. Transp. Code Ann. § 724.012(b)
(Vernon 1999). The person must have been involved in an accident that the arresting
officer reasonably believes occurred as a result of driving while intoxicated, and the
officer must reasonably believe that a person has died or will die as a result of the
accident. Id. Section 724.013 provides, "Except as provided by Section 724.012(b), a
[blood] specimen may not be taken if a person refuses to submit to the taking of a
specimen . . . ." Id. § 724.013. Dye contends that the officer could not have reasonably
believed that a person died or would die as a result of the accident. Accordingly, she
argues that the blood test violated sections 724.012 and 724.013. 

 The Texas Court of Criminal Appeals recently considered this exact argument. 
See Beeman v. State, 86 S.W.3d 613 (Tex. Crim. App. 2002). In Beeman, the court held
that sections 724.012 and 724.013 do not prohibit conducting a blood test pursuant to a
search warrant. Id. at 614-15. When a valid search warrant has been obtained, sections
724.012 and 724.013 become moot. See id. at 616. 

 Dye relies on McKenna v. State, 671 S.W.2d 138 (Tex. App.--Houston [1st Dist.]
1984, pet. ref'd). But that case is distinguishable because no warrant was obtained. See
id. at 139. Dye concedes that the blood test did not violate the United States or Texas
Constitutions. 

 As in Beeman, Dye's blood test was conducted pursuant to a search warrant, and
she does not contest the validity of that warrant. See Beeman, 86 S.W.3d at 616. 
Accordingly, Beeman is dispositive of this appeal. Dye's issue is overruled.

Conclusion

 The judgment of the trial court is affirmed.


 

 SUSAN LARSEN, Justice

February 20, 2003


Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)