**Theodore James IVORY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62837.**

Court of Criminal Appeals of Texas, Panel No. 3.

May 19, 1982.

Roy W. Smith, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, and Ken Levi, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCORMICK, JJ.

## OPINION

ODOM, Justice.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at forty years.

We note that the jury charge in this case is fundamentally defective. The indictment alleged two counts of aggravated robbery against two different complaining witnesses. The first count alleged an aggravated robbery of Amos Miles. The second count alleged an aggravated robbery of Johnny Barnes. Trial was conducted on one count,[1] which was read to the jury by the prosecutor:

"MR. LEVI: If it please the Court. In the name and by the authority of the State of Texas duly organized Grand Jury, Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, Theodore James Ivory, hereafter styled the Defendant, heretofore on or about October 21st, 1978, did then and there unlawfully while in the course of committing theft of cash money owned by Amos Miles, hereafter styled the complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely a firearm. Signed by the Foreman of the Grand Jury."

After the close of evidence the jury was charged not on the offense alleged in the first count of the indictment, but instead it was charged on the offense alleged in the second count:

"Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that on or about the 21st day of October 1978, in the County of Harris, and State of Texas, as alleged in the indictment, the Defendant, Theodore James Ivory, with intent to deprive Johnny Barnes, the owner of cash money, did unlawfully appropriate from Johnny Barnes, said cash money belonging to Johnny Barnes, and that the Defendant, Theodore James Ivory, in so doing, and with intent then and there to obtain or maintain control of said cash money, intentionally or knowingly threatened and placed said owner in fear or imminent bodily injury or death, and if you further find from the evidence beyond a reasonable doubt that the Defendant, Theodore James Ivory, in committing the foregoing acts, if you do so find, used or exhibited a deadly weapon, namely a

1. Although portions of the record indicate the State intended to proceed against appellant on the second count, the transcribed court reporter's notes show the prosecutor read the first

count to the jury, and issue was joined thereon when appellant entered a plea of not guilty before the jury. See Art. 36.01(1), V.A.C.C.P.; *Peltier v. State,* Tex.Cr.App., 626 S.W.2d 30.

pistol, then you will find the Defendant, Theodore James Ivory, guilty of Aggravated Robbery, as charged in the indictment."

██ It is fundamental error to allow conviction for an offense different from the one for which the defendant is on trial and that is not a lesser included offense of the offense tried. Many prior cases have held it is fundamental error to allow conviction on a theory other than that alleged. See *Cumbie v. State*, Tex.Cr.App., 578 S.W.2d 732. To allow conviction for committing an offense against a different person than the complaining witness in the offense on trial is tantamount to allowing a conviction on a different theory than the one alleged. Appellant was tried for robbing Amos Miles and was convicted for robbing Johnny Barnes. The charge authorizing such a conviction is fundamentally defective and requires reversal of the judgment.

██ The only other ground of error we need to address is one asserting the indictment is defective for failure to allege the property was taken "without the effective consent of the owner." An indictment for robbery need not make such an allegation. *McWherter v. State*, Tex.Cr.App., 607 S.W.2d 531; *Hill v. State*, Tex.Cr.App., 568 S.W.2d 338. It was not error to deny appellant's motion to quash the indictment.

For error in the jury charge, the judgment is reversed and the cause remanded.