Hugh FRIEDL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–88–00817–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 22, 1989.

Ronald D. Haddox, Ronald D. Haddox & Associates, Baytown, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Michael Anderson, Asst. Dist. Attys., Houston, for appellee.

Before COHEN, O'CONNOR and WARREN, JJ.

WARREN, Justice.

This is an appeal from a probation revocation. On July 28, 1978, appellant pled guilty to felony theft. The trial court assessed punishment at 10 years imprisonment, probated. On August 30, 1988, after his probation had terminated, the court revoked appellant's probation and sentenced him to 10 years confinement. For the reasons discussed below, we reverse and order the motion to revoke probation dismissed.

The original restitution condition of appellant's probation reads as follows:

Pay your fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine; to wit:

Pay $272,000 restitution, at the rate of $2,000.00 per month beginning on Sept. 1, 1978, to Exxon Company U.S.A. ($10,000 to be paid on 8–1–78).

On February 14, 1980, the conditions of probation were amended as follows:

Pay your fine, if one be assessed, and all court costs whether a fine be assessed or not, in one or several sums, and make restitution or reparation in any sum that the court shall determine; to wit:

Pay $272,000.00 restitution, at the rate of $100.00 per month beginning on March 1, 1980 to Exxon Company, U.S.A. ($10,000 to be paid on 8–1–78).

At the August 1988 hearing on the amended motion to revoke, there was testimony that the method of payment was amended in 1980 due to appellant's inability

to pay $2,000 per month, and that this last amendment was reviewed several times by the court and never altered. On June 20, 1988, the conditions of probation were further amended to make $239,930.00 payable by June 28, 1988. On July 11, 1988, the State filed the amended motion to revoke probation, upon which this appeal is based, that alleged:

Further, the State would show that the Court ordered the Defendant herein to abide by certain conditions of probation during the term of probation and among the conditions of probation ordered by the court were the following conditions of probation:

(i) Pay $272,000 restitution, at the rate of $2,000.00 per month beginning on September 1, 1978, to Exxon Company U.S.A. ($10,000 to paid 8–1–78).

The State would further show the said Defendant did then and there violate terms and conditions of his probation by: failing to pay restitution as directed by the Court and had a balance of $239,930.00 as of July 6, 1988.

When the State filed its amended motion to revoke probation, the method of payment had twice been amended and no longer required that appellant pay $2,000.00 per month. In fact, at the time of the hearing, his existing condition of probation regarding restitution required that he pay $239,930 within the one-week period between June 20, 1988 and June 28, 1988. The State did not allege that appellant had violated any terms of his probation other than not paying restitution.

■ Our review of an order revoking probation is limited to a determination of whether the trial court abused its discretion. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App.1983). The State satisfies its burden of proof when the greater weight of credible evidence before the court creates a reasonable belief that a condition of probation has been violated as alleged in the motion to revoke. *Battle v. State*, 571 S.W.2d 20, 21–11 (Tex.Crim.App. 1978). Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke

probation. *Cardona v. State*, 665 S.W.2d 492, 494 (Tex.Crim.App.1984).

Appellant brings seven points of error complaining that the trial court erred in revoking his probation. Although both appellant and the State engage in lengthy discussions regarding whether the State alleged he violated a void condition of his probation, namely, whether he was required to pay $2,000 per month, or whether the State alleged failure to pay $239,930 as ordered by the trial court on June 20, 1988, these considerations are immaterial to the disposition of this case.

■ The only allegation contained in the State's motion to revoke probation was that appellant failed to pay restitution. When, as here, the only allegation presented is that the probationer failed to pay restitution, inability to pay is an affirmative defense, which the probationer must prove by a preponderance of the evidence. *Wike v. State*, 725 S.W.2d 465, 468 (Tex.App.— Houston [1st Dist.] 1987, no pet.). Texas Code of Criminal Procedure Annotated article 42.12, section 8(c) (Vernon Supp.1989), provides that:

In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the *probationer must prove by a preponderance of the evidence.*

If the evidence raises the issue of inability to pay, the State must prove that appellant's failure to pay was intentional. *Stanfield v. State*, 718 S.W.2d 734, 738 (Tex. Crim.App.1986). We will review the evidence presented at the revocation hearing in a light most favorable to the court's order. *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Crim.App.1979).

■ At the hearing, appellant pled "true, with the defense of inability." Only two witnesses testified. The State called the probation officer who had care, custody, and control of appellant's records. She

testified that appellant was to pay "restitution at the rate of $2,000 per month for one hundred thirty one months beginning September 1, 1978 to Exxon Company," and that there was a balance of $239,930 at the time the motion to revoke probation was filed. In addition, she testified that within the first year of appellant's probation, the court modified the terms of his payment to $100 per month, and that the court again modified the terms of his payment to require appellant to pay $239,930 by the end of June 1988. She acknowledged that she had no personal knowledge of appellant's income or his ability to pay the restitution.

Appellant testified that about six months after he was placed on probation, he was unable to continue paying $2,000 per month. He had sold the business into which he had funnelled the stolen funds because he could no longer successfully operate it, and believed the purchasers had the means available to rehabilitate the company. He arranged to receive $2,000 per month from the sale and used this income to make the restitution payments. After about six months, the business failed, and he had no other source from which to make the payments. Thereafter, the court issued an order suspending appellant's payments for 60 days, then lowered his payments to $100 per month. Since that modification, he has made between $20,000 and $36,000 per year in income. At the time of the hearing, he was working as an inspector, and was making $36,000 per year. He testified that he had never intentionally missed a payment and had never attempted to hide assets so as not to pay restitution. He is married, has one child, and his wife does not work. He owns a home and two cars, all of which are financed. He has no savings account, about $1,000 or less in a checking account, and the IRS has a $40,000 lien on his home. He testified that he is unable to pay the balance of the restitution as ordered by the court and has no source from which he can obtain a loan. The State did not offer any controverting evidence of his ability to pay the $239,930 still owed as restitution.

At the close of evidence the trial court held:

[T]hat heretofore on or about July 28, 1978, you, the defendant, herein was [sic] adjudged guilty of the offense of felony theft in five counts, a felony, and that you were granted probation for a period of 10 years in accordance with Section 3 of Article 42.12 of the Texas Code of Criminal Procedure.

This Court further finds that at that time the Court ordered you, the defendant, herein to abide certain conditions of probation during the term of probation, and among those conditions of probation were that you were to pay $273,000.00 restitution at the rate of $2,000.00 per month for a hundred thirty one months beginning on September 1, 1978 to Exxon Company USA at the rate of 10 thousand dollars to paid on August 1, 1978 [sic]. This Court finds that thereafter you did then and there violate the terms and conditions of your probation by failing to make restitution as directed by the Court and that you now have a balance in the amount of $239,930.00 as of July 6, 1988. Accordingly, your probation will be revoked.

Before the June 20, 1988 order modified the terms of payment, appellant was paying $100 a month. There was no evidence presented, and it was never alleged, that he had missed any of the scheduled payments. The probation officer testified that the court had twice reviewed the amount being paid, and had decided not to raise the amount of the monthly payments. When it came to the court's attention in early June of 1988 that appellant's probation would soon terminate, the court modified the conditions of probation and ordered appellant to pay $239,930 within one week. Upon appellant's failure to do so, the State filed an amended motion to revoke. Appellant presented evidence to support the affirmative defense of his inability to make payment. The State presented no evidence showing that appellant had the financial means to pay this amount and had intentionally failed to pay.

We conclude that the trial court abused its discretion in revoking appellant's probation as the State did not prove, by a prepon-

derance of the evidence, that appellant's failure to pay was intentional. *Wike v. State*, 725 S.W.2d at 469.

We reverse the judgment and order that the motion to revoke be dismissed.