IN THE
TENTH COURT OF APPEALS
 

No. 10-00-258-CR

     VICTORIA LYNN MAXEY,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court # 30,805
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Victoria Lynn Maxey pled guilty to the offense of possession of a controlled substance. She
was sentenced to two years in a state jail facility. The trial court suspended the sentence and
placed Maxey on community supervision for four years. Three years later, the trial court revoked
her community supervision and sentenced her to two years in a state jail facility. Maxey appeals,
and we affirm.
Inability To Pay
      In her second of three issues, Maxey contends that the trial court erred in revoking her
community supervision when there was no evidence that she had the ability to pay, and
intentionally failed to pay, community supervision fees, fines, and costs. In its petition for
revocation, the State alleged in three of its twelve counts that Maxey failed to pay community
supervision fees, substance abuse testing fees, and restitution.
Law
      Appellate review of an order revoking community supervision is limited to whether the trial
court abused its discretion. Forrest v. State, 805 S.W.2d 462, 464 (Tex. Crim. App. 1991);
Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); see also Brumbalow v. State,
933 S.W.2d 298, 300 (Tex. App.—Waco 1996, no pet.). An order revoking community
supervision must be supported by a preponderance of the evidence; in other words, that greater
weight of the credible evidence which would create a reasonable belief that the defendant has
violated a condition of his community supervision. Scamardo v. State, 517 S.W.2d 293, 298
(Tex. Crim. App. 1974). The State is required to sustain the burden of proving the allegations
of the motion to revoke community supervision. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim.
App. 1993); Id. One ground for revocation, if proven, is sufficient to revoke a defendant’s
community supervision. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Holmes
v. State, 752 S.W.2d 700, 701 (Tex. App.—Waco 1988, no pet.).
      If the State alleges the defendant failed to pay fees, court costs, fines, or restitution, the
inability to make such payments is an affirmative defense for a defendant to raise and prove by a
preponderance of the evidence. Stanfield v. State, 718 S.W.2d 734, 737 (Tex. Crim. App. 1986). 
The defendant has the burden of producing evidence and the ultimate burden of persuasion on the
issue of inability to pay. Id. The State still has the burden to prove the failure to pay was
intentional. Id. at 738. However, one who has the ability to pay that which he is required to pay
but does not, leaves a fact finder with a strong inference that his failure is intentional. Id.
Evidence
      Victoria Pruitt, Maxey’s community supervision officer, testified that Maxey was delinquent
in her fees, etc., by $1,098. If the trial court revoked Maxey’s community supervision, she would
owe $1,227.50. Maxey testified that she worked two jobs and earned about $1,200 a month. She
also testified that she had to buy a car, which cost $572 a month, and the cheapest rent available
was $425 per month. She paid approximately $50 for electricity and $60 for insurance. Maxey’s
counsel asked her, “If you could have paid those probation fees, would you?” She responded,
“Yes, I would have.”
Application
      Maxey relies on two courts of appeals opinions for the proposition that because she testified
that she did not have the ability to pay her fees and the State did not controvert her testimony by
cross-examination, the trial court necessarily abused its discretion in revoking Maxey’s community
supervision. We do not believe these courts hinged their decisions to reverse the revocations on
whether or not the State controverted the defendant’s testimony. Those cases were reversed
because the defendants proved, not just raised, their inability to pay their fees or restitution. See
Friedl v. State, 773 S.W.2d 72 (Tex. App.—Houston [1st Dist.] 1989, no pet.); Reyes v. State,
752 S.W.2d 591 (Tex. App.—Corpus Christi 1987, no pet.). These cases are factually
distinguishable from Maxey’s case.
      In Friedl, the defendant was originally ordered to pay $272,000 in restitution in $2,000
monthly installments over 131 months with a $10,000 payment to be made several days after being
placed on probation. The defendant testified that after 6 months, the $2,000 payments became
unmanageable due to the failure of his business. The monthly amount was modified to $100.00. 
It was never alleged that he missed any of those payments. When the court discovered that the
defendant was about to be discharged from probation when he still owed $239,930 in restitution,
it modified the defendant’s probation and ordered him to pay the full amount due in one week. 
When he could not pay, his probation was revoked. At the revocation hearing, the defendant
testified extensively to his finances and his debts and that he could not pay the remainder of the
restitution or obtain a loan for that amount. The court of appeals reversed the revocation order. 
      In Reyes, the defendant owed one month of supervisory fees and $810 in restitution. The
probation officer testified that the defendant had made attempts to pay each month. His records
reflected that she paid approximately $20 per month. The defendant testified that she could not
pay any more per month than what she had been paying. She testified to her life status, finances,
and inability to find a higher paying job. She lived with her parents and borrowed a car. The trial
court revoked her probation. The appellate court reversed.
      Maxey had the burden to produce evidence and persuade the court about her inability to pay. 
She worked two jobs during her community supervision and earned $1200 per month. She did
not explain why she could not find a higher paying job or even if she had tried to find one. She
did not explain why she needed a car rather than using alternate forms of transportation, if
available. Her only explanation for why her car payment was so high was that she had to acquire
it “on payments.” She did not elaborate as to why such high payments were necessary relative
to her earnings. Maxey also did not make any effort to pay any part of her community supervision
fees and restitution. She did not explain why she made no effort to do so. 
Conclusion
      We cannot say the trial court abused its discretion in revoking Maxey’s community
supervision based on the allegations of failure to pay fees and restitution. Issue two is overruled.
      We need not consider Maxey’s first and third issues because proof of a single alleged violation
of a condition of community supervision is sufficient to support revocation. The trial court’s
judgment is affirmed.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed June 13, 2001
Publish