Bonnie Sue **MARBUT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–01–090–CR.

Court of Appeals of Texas, Waco.

Sept. 7, 2001.

---

Bennett Brantley Aufill, Hillsboro, for appellant.

Phil Robertson, Robertson & Robertson, L.L.P., Clifton, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION ON PETITION FOR DISCRETIONARY REVIEW

BILL VANCE, Justice.

On original submission, we dismissed this case for want of jurisdiction because of our prior holding that *State v. Riewe* foreclosed the opportunity to amend a notice of appeal. *Marbut v. State*, 49 S.W.3d 585 (Tex.App.—Waco 2001, no pet. h.) (citing *State v. Riewe*, 13 S.W.3d 408 (Tex.Crim. App.2000); *Craddock v. State*, 32 S.W.3d 886, 887 (Tex.App.—Waco 2000, no pet.)).[1] However, Marbut's Petition for Discretionary Review points out reasons why we should hear this appeal.

---

1.  The opinion dated June 13, 2001, dismissed two appeals, No. 10–01–090–CR and No. 10–01–091–CR. The former, this appeal, is an appeal from trial court cause No. 31,023 in which the original charge was "hindering secured creditors" by disposing of property of the value of $1,500 or more but less than $20,000. The latter is an appeal from trial

The record shows that she was indicted for "hindering secured creditors" in an amount of $1,500 or more but less than $20,000, a state jail felony. TEX.PEN.CODE ANN. § 32.33 (Vernon 1994). The initial indictment was filed on October 15, 1997. On the face of the indictment, the amounts are interlined and changed to $500 and $1,500, amounts charging a Class A misdemeanor. According to the clerk's record, the "amended" indictment was filed on July 7, 1998. The order placing her on deferred adjudication probation, filed July 8, 1998, states that Marbut pled guilty to "THEFT $500.00—$1,500.00 CLASS A," and that the court finds the evidence substantiates that Marbut is guilty of "the offense of THEFT $500 $1,500.00 CLASS A." On the other hand, the judgment adjudicating her guilt, dated February 2, 2001, finds her guilty of hindering secured creditors, $1,500.00—$20,000.00, a felony. She was ordered to serve one year in the county jail. One year is the maximum sentence for a Class A misdemeanor. Also, a state jail felony is not served in the county jail; misdemeanors are.

A reduction in punishment for a state jail felony is allowed by section 12.44 of the Penal Code:

Reduction of State Jail Felony Punishment to Misdemeanor Punishment

(a) A court may punish a defendant who is convicted of a state jail felony by imposing the confinement permissible as punishment for a Class A misdemeanor if, after considering the gravity and circumstances of the felony committed and

court cause No. 31,191 in which the original charge was Theft by Check of a value of $1,500 or more but less than $20,000. This opinion does not affect our June 13 opinion as it pertains to No. 10–01–091–CR. However, by separate opinion, we are today withdrawing our June 13 opinion in that cause also.

the history, character, and rehabilitative needs of the defendant, the court finds that such punishment would best serve the ends of justice.

(b) When a court is authorized to impose punishment for a lesser category of offense as provided in Subsection (a), the court may authorize the prosecuting attorney to prosecute initially for the lesser category of offense.

Tex.Pen.Code Ann. § 12.44 (Vernon Supp. 2001). Subsection "b" appears to control here, *i.e.*, the felony indictment was interlined to prosecute Marbut for a misdemeanor. Interlining an indictment is an acceptable means by which to amend it. *Riney v. State,* 28 S.W.3d 561, 565–66 (Tex.Crim.App.2000).

■ Based on the documents, the charge against Marbut was reduced to a misdemeanor when the indictment was amended. She could only have pled to a misdemeanor and be placed on deferred adjudication community supervision on the basis of a misdemeanor. She was then adjudicated guilty and sentenced for a felony. The judgment is void because Marbut was convicted of a crime different from the one she pled guilty to. *Ivory v. State,* 632 S.W.2d 614, 616 (Tex.Crim.App.1982); *Bartley v. State,* 789 S.W.2d 288, 290–92 (Tex.App.—Dallas 1990, pet. ref'd).

Therefore, we withdraw our opinion and judgment in Cause No. 10–01–090–CR, dated June 13, 2001. Tex.R.App. P. 50. We also withdraw the Opinion on Petition for Discretionary Review and judgment dated August 31, 2001, and substitute this opinion therefor.[2] We reverse the trial court's judgment and remand the cause for a hearing on the misdemeanor adjudication. Tex.Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp.2001). Marbut's Petition for Discretionary Review is dis-

missed by operation of law. Tex.R.App. P. 50.

Justice GRAY dissents.