IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-04-00094-CR

 

Jack Tine Winston,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 18th District Court

Johnson County, Texas

Trial Court # F35785

 



MEMORANDUM 
Opinion



 








       Appellant
appeals the revocation of his community supervision.  We will affirm.

       In
Appellant’s sole issue, he contends that the trial court abused its discretion
in revoking Appellant’s community supervision. 
The State’s motion to revoke Appellant’s community supervision alleged
that Appellant failed to report to his community supervision officer, failed to
pay his community supervision fees, and failed to perform community service,
all as ordered in the trial court’s community supervision order.[1]  The
trial court found that Appellant violated the conditions of his community
supervision as alleged in the motion.

       “Appellate
review of an order revoking probation is limited to abuse of the trial court’s
discretion.”  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); accord Quisenberry v. State, 88 S.W.3d
745, 749 (Tex. App.—Waco 2002, pet. ref’d); see
DeGay v. State, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987).  “Evidence which supports a finding that the
appellant violated one condition of his probation is sufficient to sustain the
order revoking probation.”  Richardson v. State, 622 S.W.2d 852, 855
(Tex. Crim. App. 1981) (op. on orig. submission); accord Maxey v. State, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001,
pet. ref’d).  

       The
trial court found that Appellant failed to report as ordered from February
2003, when Appellant was ordered to begin reporting, through June 2003, after
which the State filed the motion to revoke. 
Appellant points to his testimony that he believed that his community
supervision had been transferred from Johnson County, where he was convicted,
to Tarrant County, and that he never received instructions from Tarrant
County.  The State points to the
following evidence.  In February 2003,
Appellant contacted his Johnson County community supervision officer by telephone
and requested that his supervision be transferred to Tarrant County.  The officer agreed to the transfer, and
allowed Appellant to report in person in Johnson County later in the month.  Appellant failed to report.  Tarrant County accepted the transfer and
directed Appellant to report in April. 
Appellant failed to report. 
Tarrant County again directed Appellant to report in May.  Appellant again failed to report.  Tarrant County then returned Appellant’s
supervision to Johnson County.  After
Appellant still failed to report in June, his Johnson County community
supervision officer caused a motion to revoke to be filed.  The trial court did not abuse its discretion
in finding that Appellant failed to report as ordered, and thus revoking
Appellant’s community supervision.  We
overrule Appellant’s issue.

       Having
overruled Appellant’s issue, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

          Justice Vance, and

          Justice Reyna

Affirmed

Opinion delivered and
filed January 5, 2005

Do not publish

[CR25]

 











[1]  Although the State’s motion to revoke alleged
only that Appellant failed to “[r]eport between the 1st and 10th
day of each month,” in fact, the trial court had ordered that Appellant be
“placed on Intensive Supervision,” including that Appellant “report weekly to
the Supervision Officer” for the first 180 days of community supervision.