IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00061-CV

 

In
the Interest of B.B., a Child,

 

 

 



From the County Court
at Law

Hill County, Texas

Trial Court No. 45,718

 



memorandum opinion



 

We abated this parental-rights
termination appeal for a hearing in
the trial court on Appellant’s counsel’s motion to withdraw, which was
granted.  Although Appellant failed to attend the hearing, the trial court
found Appellant to be indigent and appointed new counsel for him.

In a letter dated June 30, 2009, the
Clerk of the Court notified all parties that, unless within twenty-one (21)
days Appellant notified the Court in a writing personally signed by Appellant
that he wishes to proceed with this appeal, it would be dismissed for want of
prosecution.

Because Appellant has failed to so
notify the Court, this appeal is dismissed for want of prosecution.  Tex. R. App. P. 42.3(b).

 

REX D. DAVIS

Justice

 

 

Before Chief
Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Dismissed

Opinion
delivered and filed July 29, 2009

[CV06]

 






160;                             
                                                                                                         
OPINION ON PETITION FOR DISCRETIONARY REVIEW
                                                                                                               
      On original submission, we dismissed this case for want of jurisdiction because of our prior
holding that Riewe v. State foreclosed the opportunity to amend a notice of appeal. Marbut v.
State, 49 S.W.3d 585 (Tex. App.—Waco 2001, no pet. h.) (citing Riewe v. State, 13 S.W.3d 408
(Tex. Crim. App. 2000); Craddock v. State, 32 S.W.3d 886, 887 (Tex. App.—Waco 2000, no
pet.)).


 However, Marbut's Petition for Discretionary Review points out reasons why we should
hear this appeal.
      The record shows that she was indicted for “hindering secured creditors” in an amount of
$1,500 or more but less than $20,000, a state jail felony. Tex. Pen. Code Ann. § 32.33 (Vernon
1994). The initial indictment was filed on October 15, 1997. On the face of the indictment, the
amounts are interlined and changed to $500 and $1,500, amounts charging a Class A
misdemeanor. According to the clerk’s record, the “amended” indictment was filed on July 7,
1998. The order placing her on deferred adjudication probation, filed July 8, 1998, states that
Marbut pled guilty to “THEFT $500.00 - $1,500.00 CLASS A,” and that the court finds the
evidence substantiates that Marbut is guilty of “the offense of THEFT $500-$1,500.00 CLASS
A.” On the other hand, the judgment adjudicating her guilt, dated February 2, 2001, finds her
guilty of hindering secured creditors, $1,500.00 - $20,000.00, a felony. She was ordered to serve
one year in the county jail. One year is the maximum sentence for a Class A misdemeanor. Also,
a state jail felony is not served in the county jail; misdemeanors are.
      A reduction in punishment for a state jail felony is allowed by section 12.44 of the Penal
Code:
      Reduction of State Jail Felony Punishment to Misdemeanor Punishment
(a) A court may punish a defendant who is convicted of a state jail felony by imposing the
confinement permissible as punishment for a Class A misdemeanor if, after considering the
gravity and circumstances of the felony committed and the history, character, and
rehabilitative needs of the defendant, the court finds that such punishment would best serve
the ends of justice.
 
(b) When a court is authorized to impose punishment for a lesser category of offense as
provided in Subsection (a), the court may authorize the prosecuting attorney to prosecute
initially for the lesser category of offense.

Tex. Pen. Code Ann. § 12.44 (Vernon Supp. 2001). Subsection “b” appears to control here,
i.e., the felony indictment was interlined to prosecute Marbut for a misdemeanor. Interlining an
indictment is an acceptable means by which to amend it. Riney v. State, 28 S.W.3d 561, 565-66
(Tex. Crim. App. 2000).
      Based on the documents, the charge against Marbut was reduced to a misdemeanor when the
indictment was amended. She could only have pled to a misdemeanor and be placed on deferred
adjudication community supervision on the basis of a misdemeanor. She was then adjudicated
guilty and sentenced for a felony. The judgment is void because Marbut was convicted of a crime
different from the one she pled guilty to. Ivory v. State, 632 S.W.2d 614, 616 (Tex. Crim. App.
1982); Bartley v. State, 789 S.W.2d 288, 290-92 (Tex. App.—Dallas 1990, pet. ref’d).
      Therefore, we withdraw our opinion and judgment in Cause No. 10-01-090-CR, dated June
13, 2001. Tex. R. App. P. 50. We also withdraw the Opinion on Petition for Discretionary
Review and judgment dated August 31, 2001, and substitute this opinion therefor.


 We reverse
the trial court’s judgment and remand the cause for a hearing on the misdemeanor adjudication. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001). Marbut’s Petition for
Discretionary Review is dismissed by operation of law. Tex. R. App. P. 50.
 
BILL VANCE
                                                                   Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Gray dissents)
Opinion delivered and filed September 7, 2001
Publish