

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00026-CR
_____

SILAS DORY HOWARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 54th District Court
McLennan County, Texas
Trial Court No. 2008-1533-C2, Honorable Matt Johnson, Presiding

October 29, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Silas Dory Howard appeals the trial court's judgment adjudicating him guilty of indecency with a child by exposure,[1] revoking his deferred adjudication community supervision, and imposing a sentence of eight years of imprisonment. Through one issue, appellant challenges the sufficiency of the evidence he violated the terms of his community supervision. We will affirm.

---

[1] Tex. Penal Code Ann. § 21.11 (West 2012).

Background

After appellant was indicted for indecency with a child by exposure, he entered a plea of guilty and in June 2010 was placed on deferred adjudication community supervision for a term of 10 years. The State filed a motion to adjudicate guilt in August 2012, alleging appellant had violated the terms of his community supervision. That motion was heard in November 2012. The trial court adjudicated appellant's guilt, revoked his community supervision, and imposed sentence as noted. This appeal followed.

Analysis

In its motion to adjudicate, the State alleged eleven violations of the terms of community supervision. At the hearing appellant plead "not true" to all the allegations. The State offered evidence on three violations,[2] alleging he violated the condition requiring him to remain 1000 feet away from places frequented by children; the condition he submit his original monthly telephone bill to his probation officer; and the condition he abide by a 10:00 p.m. to 6:00 a.m. curfew at his residence seven nights a week. The trial court found all three allegations to be true.

Appellate review of an order revoking community supervision is limited to a determination whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—

---

[2] The other eight allegations involved failures to pay fees and other amounts. There was evidence appellant had brought his payments current by the time of the hearing.

Waco 2001, pet. ref'd). An order revoking community supervision must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence creating a reasonable belief that the defendant has violated a condition of his community supervision. *Rickels,* 202 S.W.3d at 763. The State is required to sustain the burden of proving the allegations of the motion to revoke community supervision. *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

In making its determination, the appellate court examines the evidence in the light most favorable to the trial court's order. *Mauney v. State,* 107 S.W.3d 693, 695 (Tex. App.—Austin 2003, no pet.). Proof of any one of the alleged violations is sufficient to support a revocation of community supervision. *Bigham v. State,* 233 S.W.3d 118, 121 (Tex. App.—Texarkana 2007, no pet.).

One of the conditions of appellant's community supervision reads, in part, "Defendant is not to purchase, subscribe to, or use any Internet sources, worldwide web services, or Internet browsers, during the term of probation. Offender is to provide his/her original monthly telephone billing statement . . . to his/her probation officer." At the revocation hearing, the State produced the testimony of a probation officer who testified appellant had failed to produce original monthly telephone statements from August 2011 through July 2012. Asked why the information was required, she responded,

> We check on the billing statement if there is a data plan. That normally let's us know whether or not the internet is carried on the phone. We also check to see if any pictures, video messages are being sent to the phone that's listed as well as if there's any 900 phone numbers that are being dialed out of the cell phones.

3

She testified appellant provided only a printout showing the dates, duration and phone numbers of incoming and outgoing calls. He provided no information regarding data usage, and the information provided did not specify his name and address. Under cross examination, she said appellant reported that the printout "was all he could get," and that he offered no explanation for his inability to produce his billing statements. Appellant did not testify at the revocation hearing.

On appeal, appellant argues that the list of calls he produced showed "substantial compliance with conditions of supervision," and contends the trial court abused its discretion to the extent it based its decision on this violation. We disagree any abuse of discretion is shown. From the evidence the trial court heard, it was uncontroverted appellant had not provided his probation officer his original telephone billing statements. To the degree appellant's provision of a document containing the same information as a billing statement might have complied with the condition of supervision, we see no abuse of discretion in the trial court's implicit finding that the list of calls he produced was not the equivalent of the required billing statements. The trial court did not err in its conclusion appellant had violated the condition of supervision requiring him to produce his telephone billing statements to his probation officer.

Because we must affirm revocation of community supervision against an evidentiary sufficiency challenge when any one of the alleged violations is supported by sufficient proof, *Maxey,* 49 S.W.3d at 584, it is unnecessary for us to consider appellant's challenge to the other two violations the court found true. Tex. R. App. P. 47.1.

We overrule appellant's issue, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.