# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10923
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TERRY DIXON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-24-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Terry Dixon was charged with possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and a jury found him guilty. He challenges his conviction and sentence.

Concerning the former, he claims his predicate offense is not a felony because he was punished under Texas Penal Code § 12.44(a) as if he had committed a misdemeanor, according to the terms of his plea bargain.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10923

Whether a prior conviction qualifies as a predicate felony offense for a conviction of possession of a firearm as a felon under 18 U.S.C. § 922(g)(1) is a purely legal question. *United States v. Broadnax*, 601 F.3d 336, 345 (5th Cir. 2010). "Consequently, our review is plenary." *United States v. Daugherty*, 264 F.3d 513, 514 (5th Cir. 2001) (internal quotation marks and citation omitted).

A person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm. 18 U.S.C. § 922(g)(1). "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921 (a)(20).

Under Texas Penal Code § 12.44(a), defendant is "prosecuted for a felony but punished for a misdemeanor"; on the other hand, under § 12.44(b), defendant is actually "prosecuted for a misdemeanor", despite being charged with a state jail felony. *Meek v. State*, 851 S.W.2d 868, 869 (Tex. Crim. App. 1993) (*en banc*); *Marbut v. State*, 58 S.W.3d 239, 240–41 (Tex. App. 2001); *Arriola v. State*, 49 S.W.3d 374, 375–76 (Tex. App. 2000). Therefore, a Texas jail felony is one "punishable by imprisonment for a term exceeding one year", regardless whether it was punished as a misdemeanor under § 12.44(a). *United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003). The court correctly treated Dixon's prior conviction as a predicate felony. *United States v. Harrimon*, 568 F.3d 531, 533–34 & n.3 (5th Cir. 2009); *Rivera-Perez*, 322 F.3d at 351–52.

Finding Dixon had a "history of assaultive, threatening, and harassing behavior", the court varied upward from an advisory Sentencing Guidelines range of 18 to 24 months' imprisonment and sentenced Dixon to 60 months' imprisonment and three years of supervised release. Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant

procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Dixon claims his sentence is procedurally and substantively unreasonable.

He claims the court procedurally erred when it selected the sentence because it stated at sentencing that it considered facts Dixon "admitted in the factual resume". That item did not, however, exist. Nevertheless, because Dixon did not preserve this issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Dixon must show a forfeited plain error (a clear or obvious error, rather than one subject to reasonable dispute) that affected he substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

But, Dixon does not point to any incorrect factual findings that he attributes to the district court's reliance on the nonexistent factual resume. Therefore, he has not shown the court's misstatement affected his substantial rights. *Id.*

Dixon also claims the court procedurally erred by relying, in part, on his prior arrests that did not result in convictions as a ground for the upward variance. The presentence investigation report (PSR) contained factual

recitations of Dixon's prior conduct leading to his arrests that "had an adequate evidentiary basis with sufficient indicia of reliability", and Dixon "offered no testimony or other evidence . . . to rebut the information in the PSR". Accordingly, the court did not procedurally err by considering Dixon's prior arrests in deciding his sentence. *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014) (internal quotation marks and citation omitted).

Further, he fails to show his sentence: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". As a result, Dixon has not shown the court abused its discretion by imposing a substantively unreasonable sentence. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

For his final issue, Dixon raises another unpreserved claim of error: The court impermissibly delegated its sentencing authority to the probation officer by imposing two special conditions of supervised release. Those conditions require him to "participate in mental health treatment services as directed by the probation officer until successfully discharged" and to "participate in a program approved by the probation officer for treatment of narcotic or drug or alcohol dependency".

Although a court may *not* delegate its authority "to decide *whether* a defendant will participate in a treatment program", it may delegate decisions regarding the details of a treatment-related condition. *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016) (emphasis in the original) (internal quotation marks and citations omitted). In *Franklin*, the written judgment stated that the defendant was "required" to participate in a treatment program "as deemed necessary and approved by the probation officer", and, therefore, created an "ambiguity regarding whether the district court intended to

delegate authority not only to implement treatment but to decide whether treatment was needed". *Id.* at 567–68.  Dixon's two challenged conditions of supervised release do not include the "as deemed necessary" language that created ambiguity in *Franklin*.  Absent any precedent directly supporting his argument, Dixon cannot prevail on plain-error review.  *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

AFFIRMED.