# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00111-CR

### Jennifer Lavigne, Appellant

### v.

### The State of Texas, Appellee

---

### FROM THE 403RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-12-900138, THE HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Jennifer Lavigne was charged with the felony offense of theft. *See* Tex. Penal Code § 31.03. Per the terms of a plea-bargain agreement, Lavigne's adjudication of guilt was deferred, and she was placed on deferred-adjudication community supervision. The State filed a motion to adjudicate contending that Lavigne failed to comply with the terms of her community supervision. Following a hearing on the motion, the district court granted the State's motion, adjudicated Lavigne's guilt, revoked her community supervision, and sentenced her to seven years' imprisonment. *See id.* § 12.34. On appeal, Lavigne challenges the propriety of the district court's judgment adjudicating her guilt. We will affirm the district court's judgment.

### BACKGROUND

After being charged with the offense of theft, Lavigne agreed to plead guilty to the charged offense in exchange for the State recommending that Lavigne's adjudication of

guilt be deferred, that she be placed on community supervision for ten years, and that she pay approximately $50,000 in restitution over time during her community supervision. The district court accepted Lavigne's plea, deferred adjudication of guilt, placed her on deferred-adjudication community supervision, and imposed conditions of community supervision, including the requirements that she pay the restitution set out in the plea agreement, notify the Department if she intends to change her address, report to her community-supervision officer as directed, and pay court costs, supervision fees, and Crime Stopper fees. Nearly two years later, the State filed a motion to adjudicate Lavigne's guilt and to revoke her community supervision arguing that she had not complied with the terms of her community supervision by failing to pay restitution, by failing to meet with her community-supervision officer in May 2018 as directed, and by failing to pay the required court costs, supervision fees, and Crime Stopper fees.

During the adjudication hearing, the following witnesses were called to the stand: Melanie Deslatte-Brown, who was a community-supervision officer for the Travis County Community Supervision Department (the "Department"), and Thomas Child, who was a friend of Lavigne's. In her testimony, Deslatte-Brown described two types of hearings that an individual on community supervision may have with her community-supervision officer when she is not in compliance with the terms of community supervision. The first is a supervisory hearing in which an agreement to achieve compliance is prepared. If the individual fails to abide by the agreement, then an administrative hearing is scheduled. In her testimony, Deslatte-Brown also explained that although the district court deferring Lavigne's conviction was in Travis County, Lavigne moved to Harris County and was being partially monitored by the Harris County Community Supervision Department; however, Deslatte-Brown also explained that the restitution requirement was being monitored by the Travis County Department. Deslatte-Brown

2

also stated that Lavigne's Harris County community-supervision officer reported that Lavigne was in compliance with her community-supervision requirements.

In addition, Deslatte-Brown testified that although Lavigne initially made some restitution payments, she stopped making those payments shortly after being placed on community supervision. Further, Deslatte-Brown explained that the Department sent a delinquency notice to Lavigne's address of record in Houston, Texas, for each month that she failed to make a payment and that the Department sent a delinquency notice nearly every month for two years. Regarding those notices, Deslatte-Brown explained that none of those notices were ever sent back to the Department and that in her experience, those letters are returned to the Department if they have "an insufficient address." Deslatte-Brown also recalled that the Department only had one address listed for Lavigne, that Lavigne never informed the Department that she had moved, and that Lavigne told her during the week before the adjudication hearing that she had lived at that same Houston address since she was placed on community supervision.

While testifying, Deslatte-Brown stated that after Lavigne failed to pay restitution for several months, the Department sent Lavigne notice of a scheduled supervisory hearing to be held in May 2017. The notice was sent by regular and certified mail and was sent to Lavigne's address of record, and Lavigne attended the hearing. During the hearing, Lavigne was told the amount of restitution that was delinquent and was instructed to pay the amount of the delinquency. During Deslatte-Brown's testimony, a copy of a supervisory-hearing agreement entered into during that hearing was admitted into evidence. The agreement was signed by Lavigne and two community-supervision officers, listed the amount of Lavigne's delinquency, and set out her monthly restitution payments. The report also warned that the failure to comply could result in further legal action.

3

Further, Deslatte-Brown testified that Lavigne made no further payments after the supervisory hearing and never contacted the Department to talk about restructuring her payments or to state that she was no longer able to make the payments. Next, Deslatte-Brown explained that because Lavigne did not make any payments after the supervisory hearing, the Department scheduled an administrative hearing for May 2018 and sent an administrative summons by regular and certified mail to the address on record for Lavigne advising her of when and where the meeting would happen. Deslatte-Brown also testified that Lavigne did not attend the administrative hearing or ever contact the Department to reschedule the hearing. Deslatte-Brown also related that the website for the postal service stated that the certified version of the summons was "unclaimed," meaning that no one went to the post office to claim it, but contained no entry regarding the summons sent by regular mail.

Next, Deslatte-Brown explained that after Lavigne failed to attend the administrative hearing, she tried to meet with Lavigne regarding her delinquency three more times but that Lavigne did not show up for any of those meetings. Deslatte-Brown related that she sent a certified letter to Lavigne regarding the first meeting, that the letter was also not claimed, that she had a conversation with Lavigne over the phone and scheduled a second meeting after Lavigne did not show up for the first one, that Lavigne did not attend the second meeting, that she talked with Lavigne over the phone once more and set up a third meeting for a week later, and that Lavigne did not show up for that meeting.

During the hearing, Lavigne called Child as a witness. Child testified that he knew Lavigne because she had been one of his culinary students in the past and that he had known her for almost twenty years. Next, Child stated that although Lavigne lived at her father's home in Houston for her entire life, she moved in with Child approximately a week before the

4

adjudication hearing after her father asked her to leave his home. Further, Child stated that, until recently, he had never known Lavigne to live anywhere other than at her father's house. In his testimony, Child agreed that it was reasonable to assume that Lavigne was receiving mail at her father's house.

After considering the arguments of the parties, the district court found all of the State's allegations to be true.

## STANDARD OF REVIEW

A trial court's decision to revoke deferred-adjudication community supervision and proceed to an adjudication of guilt is reviewed in the same way that the revocation of ordinary community supervision is reviewed. *See* Tex. Code Crim. Proc. art. 42A.108; *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012). A trial court's decision to revoke community supervision is reviewed under an abuse-of-discretion standard of review. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside "the zone of reasonable disagreement," *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is "arbitrary or unreasonable," *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

"An order revoking community supervision must be supported by a preponderance of the evidence." *Maxey v. State*, 49 S.W.3d 582, 584 (Tex. App.—Waco 2001, pet. ref'd). In this context, "a preponderance of the evidence" means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels*, 202 S.W.3d at 763-64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). When making its determination, a trial court may make reasonable

5

inferences from the evidence, *see id.* at 764, and "is the sole judge of the credibility of the witnesses and the weight to be given to their testimony," *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). In addition, appellate courts review the evidence presented during the hearing in the light most favorable to the trial court's ruling. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). The violation of a single condition of community supervision is sufficient to support a revocation determination. *See Jones v. State*, 472 S.W.3d 322, 324 (Tex. App.—Eastland 2015, pet. ref'd) (mem. op.). Accordingly, "to prevail on appeal, the defendant must successfully challenge all of the findings that support the" trial court's "revocation order." *Silber v. State*, 371 S.W.3d 605, 611 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

## DISCUSSION

In her first issue on appeal, Lavigne contends that the district court erred by determining that she violated the terms of her community supervision by failing to attend the May 2018 administrative hearing.[1] In her second issue on appeal, Lavigne urges that the district court erred by determining that she violated the terms of her community supervision by failing to pay restitution, supervision fees, courts costs, and Crime Stopper fees.

---

[1] In the portion of her brief containing the summary of her arguments, Lavigne noted that the administrative hearing "was not a regularly scheduled probation appointment," but she does not include any similar statement in the argument section of her brief and does not refer to cases suggesting that a condition of community supervision requiring an individual to report to her community-supervision officer as directed would not apply to an administrative hearing. *Cf. Milligan v. State*, No. 14-98-00837-CR, 2000 WL 890665, at *2 (Tex. App.—Houston [14th Dist.] July 6, 2000, no pet.) (op., not designated for publication) (upholding revocation on ground that defendant failed to appear "for an administrative hearing").

6

**Failure to Report**

Regarding the failure-to-report allegation, Lavigne contends that the evidence presented at the hearing was insufficient to establish that she knew of the scheduled administrative hearing. As support for this argument, Lavigne highlights testimony presented at the hearing indicating that she was in compliance with her reporting obligations in Harris County. Further, Lavigne points out that although the Department sent an administrative summons by certified mail pertaining to the administrative hearing, "she never picked up the certified letter" and, therefore, did not receive notice of the hearing. Moreover, although she acknowledges the testimony indicating that the summons was also sent by regular mail, Lavigne contends that no evidence was presented during the hearing indicating that she ever received that letter. Accordingly, Lavigne urges that there was no evidence showing that she was aware of any obligation to attend the administrative hearing, that she cannot violate her duty to report if she is not notified of an appointment, and that the district court abused its discretion by determining that she violated the terms of her community supervision by failing to attend the administrative hearing.

Although Lavigne points to the testimony demonstrating that the certified letter was not claimed, other evidence was presented during that hearing upon which the district court could have reasonably inferred that Lavigne was aware of the hearing and chose not to attend. First, although Child testified that Lavigne had moved out of her father's Houston home, his testimony also indicated that her move was recent and happened months after the administrative summons was mailed and after the administrative hearing was held. Moreover, Child explained at the hearing that Lavigne had lived at that home for all of her life until moving out shortly

before the adjudication hearing and agreed that it was reasonable to conclude that Lavigne was receiving mail at her father's home.

Second, evidence was presented at the hearing demonstrating that the only address on file for Lavigne was her father's Houston home and that Lavigne never informed the Department that she planned to move or had moved, which was required under the terms of her community supervision. Further, evidence was presented that the administrative summons was sent to Lavigne's Houston address on record by regular mail and was not returned to the Department, and no evidence was presented demonstrating that she did not receive that summons. In addition, nearly two years' worth of delinquency notices were sent to that address and were not returned, and notice regarding the supervisor's meeting that Lavigne attended was sent to the same address and in the same manner (e.g. certified and regular mail) as the administrative summons. *Cf. Milligan v. State*, No. 14-98-00837-CR, 2000 WL 890665, at *2 (Tex. App.—Houston [14th Dist.] July 6, 2000, no pet.) (op., not designated for publication) (concluding that trial court did not abuse its discretion by determining that defendant failed to report for administrative hearing where evidence showed that State sent notice of hearing to defendant's address, where letter was not returned, and where none of letters sent to defendant's home were returned).

Third, evidence was presented at the adjudication hearing showing that the terms of Lavigne's community supervision required her to pay restitution and report as directed, that she attended a supervisory hearing regarding her failure to make restitution payments, and that she signed a supervisor's hearing report warning that the failure to make restitution payments as directed in the report could result in further legal action. Additionally, evidence was presented that Lavigne failed to make any additional restitution payments after the hearing, and the district

court could have reasonably inferred that Lavigne was aware that further hearings or other consequences were likely to result.

Finally, evidence was presented indicating that after failing to appear for the administrative hearing, Lavigne failed to attend three scheduled meetings, including two of which she agreed to attend during phone calls with Deslatte-Brown. Accordingly, the district court could have reasonably inferred that Lavigne was aware of those hearings but was choosing not to appear. Based on all of the evidence presented, the district court could have similarly inferred that Lavigne knew of the administrative hearing but chose not to attend.

Viewing the evidence in the light most favorable to the district court's ruling and considering the reasonable inferences that the district court was free to make from that evidence, we conclude that the district court did not abuse its discretion by finding that the State proved by a preponderance of the evidence that Lavigne violated the terms of her community supervision by failing to appear as directed by her community-supervision officer. Having determined that one of the alleged grounds sufficiently supported Lavigne's revocation, we need not address the sufficiency of the evidence supporting the other revocation grounds that the district court found to be true. *See Carter v. State*, No. 01-11-00936-CR, 2012 WL 5989440, at *1, *3 (Tex. App.—Houston [1st Dist.] Nov. 29, 2019, no pet.) (mem. op., not designated for publication) (noting that defendant presented multiple grounds challenging revocation, upholding trial court's determination that defendant failed to report to her community-supervision officer, and explaining that appellate court need not address defendant's remaining challenges to revocation because only one ground is needed to support revocation).

For all of these reasons, we overrule Lavigne's first issue on appeal.

## CONCLUSION

Having overruled Lavigne's first issue on appeal, we affirm the district court's judgment adjudicating her guilt.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   February 28, 2020

Do Not Publish